# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| MICHAEL ORR, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | Case No. CV415-300 |
| | ) | CR413-064 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

After pleading guilty to possession of a firearm by a convicted felon, Michael Orr moves under 28 U.S.C. § 2255 for resentencing absent an armed career criminal enhancement. Doc. 50.[1] Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his petition must be dismissed.

On July 1, 2013, just after the Court impaneled a jury, Orr decided to plead guilty, without an agreement with the government, to one count of possession of a firearm by a convicted felon. Doc. 40; 18 U.S.C. § 922(g). His Presentence Investigation Report (PSI) deemed him an

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

"armed career criminal" under the Armed Career Criminal Act (ACCA) based on three prior convictions for sale of a controlled substance (cocaine).[2] *See* PSI ¶¶ 19, 25. Orr never objected to the PSI, including the career criminal enhancement, either before or at his sentencing hearing. *See* Addendum to PSI; doc. 44 (sentencing hearing minutes). The Court then sentenced him on October 23, 2013 to the mandatory minimum 180 months' imprisonment, below the applicable Sentencing Guidelines range of 188-235 months. Doc. 46; PSI ¶ 54. Because he never appealed, Orr's conviction became final on November 6, 2013. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).

Orr filed the present § 2255 motion a little more than two years later. Doc. 50 (filed November 12, 2015). He argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), means he no longer

---

[2] Orr pled guilty on June 14, 1990 to three counts of sale of a controlled substance. PSI ¶ 25. Each count related to a separate sale of cocaine to an undercover officer. *Id.* As described in the PSI, Orr:

> sold cocaine to an undercover officer on October 24, 1989, October 31, 1989 and December 5, 1989. He was arrested after the last sale. As verified by the sentencing documents, the defendant entered a plea of guilty on each charge and was sentenced [to 10 years on each count, to be served concurrently].

*Id.*

2

qualifies as an armed career criminal and thus is serving a sentence beyond the applicable statutory maximum. Doc. 50 at 7. He apparently premises the timeliness of his § 2255 motion on the idea that *Johnson* establishes a "retroactive right" applicable to his case. *See* 28 U.S.C. § 2255(f)(3); doc 50 at 7. It does not.

Some background: The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony *or* a serious drug offense, or both." 18 U.S.C. § 924(e)(1) (emphasis added). Plain vanilla felon-in-possession convictions bring a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* held that that clause violated due process. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" classed as such under ACCA

provisions other than the residual clause.³ *See, e.g., Johnson*, 135 S. Ct. at 2558 ("[T]he *residual clause* leaves uncertainty about how much risk it takes for a crime to qualify as a *violent felony*.") (emphasis added). After *Johnson*, enhancements based on those offenses remain valid. *See United States v. Tinker*, 2015 WL 4430678 at * 2 (11th Cir. July 21, 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*).

As the PSI makes pellucid, Orr's enhancement came because of "serious drug offenses,"⁴ not violent felonies. *See* PSI ¶ 25; Sentencing Recommendation at 1 ("[Orr] had three previous convictions for selling cocaine on occasions separate from one another[, and,] [t]herefore, Orr is an armed career criminal."); *id.* at 2 ("[N]one of [Orr's] prior offenses involved any violent acts."). Hence, even after *Johnson*, he has at least three ACCA predicate offenses (this ignores the fact that Orr has a

---

³ Importantly, the ACCA's "serious drug offense" definition contains no language that even remotely resembles the residual clause language *Johnson* found objectionable. *See* 18 U.S.C. § 924(e)(2)(A).

⁴ The ACCA defines "serious drug offense" as "an offense under State law, involving . . . distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Orr's sale of a controlled substance convictions meet that definition. *See* O.C.G.A. § 16-13-30(d) (imposing a 5-30 year sentence for persons convicted of selling a controlled substance, which includes cocaine).

4

multitude of other convictions, some of which likely qualify as ACCA predicates) and thus a valid armed career criminal enhancement.

It follows that Orr cannot look to § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (November 6, 2013). It ran out on November 6, 2014 (he never appealed or sought post-conviction relief before now), so his motion is untimely. Even if not, *Johnson*'s unavailability means Orr fails to state any claim for relief. His sentence remains valid (no due process violation) so no grounds exist on which to rest the resentencing he seeks. *See* 28 U.S.C. § 2255(a) (those in prison on federal sentences may only move to correct their sentence if it was "imposed in violation of the Constitution or laws of the United States").

Accordingly, Orr's § 2255 petition should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district

court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED** this 18TH day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA